## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DONALD MAGNER, et al.**                           **CIVIL ACTION**

**VERSUS**                                          **NO. 12-2580**

**AIRPORT SHUTTLE, INC.**                           **SECTION: "G"(2)**


### ORDER AND REASONS

Before the Court is Defendant Airport Shuttle, Inc.'s ("Defendant") Motion for Summary Judgment,[1] wherein it seeks the dismissal of all claims made against it by Plaintiffs Donald and Cynthia Magner (collectively, "Plaintiffs"). Plaintiffs have failed to file an opposition to the pending motion.[2] After considering the complaint, the pending motion, the memorandum in support, the record, and the applicable law, the Court will grant the pending motion and dismiss Plaintiffs' complaint with prejudice.

### I. Background

#### A. Factual Background

In the complaint, Plaintiffs allege that at all relevant times, Donald Magner was an employee of Defendant as the term is defined by 29 U.S.C. § 1002(6).[3] Plaintiffs further allege that Donald Magner was a "participant" in, and a "beneficiary" of, an "employee welfare benefit plan" as those terms are defined by 29 U.S.C. §§ 1002(7), 1002(8), and 1002(1).[4] Plaintiff Cynthia Manger was

---

[1] Rec. Doc. 15.

[2] Pursuant to Local Rule 7.5, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date.

[3] Rec. Doc. 1 at ¶ 4.

[4] *Id.* at ¶ 5.

1

also a "beneficiary" in the "employee welfare plan," according to Plaintiffs.[5] Plaintiffs claim that Defendant was Donald Magner's "employer," the plan "sponsor," and the plan "administrator," as those terms are defined by 29 U.S.C. §§ 1002(5), 1002(16)(A) and 1002(16)(B).[6]

Plaintiffs aver that on or about January 26, 2010, Donald Magner stopped working for Defendant due to a stroke.[7] In May 2010, Donald Magner resigned from his employment position, which Plaintiffs claim was a "qualifying event" under 29 U.S.C. § 1163.[8] Plaintiffs argue that as Defendant was both sponsor and administrator of the plan, it was obligated to provide Donald Magner with notice of his right to continuation of insurance coverage forty-four days after the qualifying event took place.[9] Plaintiffs claim that "[u]pon information and belief, Defendant failed to provide Plaintiff, DONALD MAGNER, with notice that the qualifying event entitled him to eighteen months of continued health insurance coverage, and that he would be entitled to an eleven month extension if he were to be determined by the Social Security Administration to be disabled and that the disability onset date is within sixty days of the of the [sic] COBRA continuation of coverage period."[10]

Therefore, Plaintiffs contend that Defendant breached its statutory duty under ERISA, and as a result "Plaintiffs have incurred medical expenses which have not been covered by insurance."[11] As such, Plaintiffs seek payment of their uninsured medical bills, civil penalties in the amount of $110.00 per day, per beneficiary, for each day Defendant allegedly failed to provide proper notice

---

[5] *Id.* at ¶ 6.

[6] *Id.* at ¶ 8.

[7] *Id.* at ¶ 10.

[8] *Id.* at ¶ 11.

[9] *Id.* at ¶ 12 (citing 29 U.S.C. § 1166(a)(2), (4)).

[10] *Id.* at ¶ 13.

[11] *Id.* at ¶ 14.

of Plaintiffs' right to elect continued health converge, litigation costs and attorney's fees, as well as any other equitable relief the Court may determine is proper.[12]

### B. Procedural Background

Plaintiffs filed the complaint in this matter on October 24, 2012.[13] Defendant filed the pending motion for summary judgment on May 20, 2013, and it was set for hearing on June 5, 2013.[14] As noted earlier, Plaintiffs have failed to file an opposition.

## II. Defendant's Motion for Summary Judgment

In support of the pending motion,  Defendant argues that Plaintiffs were provided proper notice of their right to COBRA continuation coverage, and accepted that continuation.[15] Defendant asserts that COBRA requires, generally, that an employee be provided with notice of his or her right to continue health insurance within a certain number of days of a qualifying event.[16] Defendant does not dispute that Donald Magner's resignation was a "qualifying event" for COBRA purposes.[17] Defendant directs the Court to the May 9, 2013 deposition of Donald Magner, where he admits that he resigned via an August 31, 2010 letter, which he signed.[18] Further, in the deposition of Sheri Reuther, a plan administrator for Defendant, she stated that she sent a COBRA Notice Packet immediately upon Donald Magner's resignation.[19] Defendant also highlights sections of Donald Magner's deposition, where he admits to signing the "COBRA Continuation Coverage Election

---

[12] *Id.*

[13] *Id.*

[14] Rec. Doc. 15.

[15] Rec. Doc. 15-1 at p. 2.

[16] *Id.* at pp. 2-3 (citing 29 U.S.C. §§ 1166(a), 1163).

[17] *Id.* at p. 3.

[18] *Id.* (citing Rec. Doc. 15-4 at pp. 2-3). Defendant also attaches the letter. *See* Rec. Doc 15-4. at p. 3.

[19] *Id.* (citing Rec. Doc. 15-5 at pp. 2-3).

251802082df53f8b

Form," which was included in the COBRA Notice Packet, on September 1, 2010.[20] As such, Defendant argues that Donald Magner "not only received the necessary COBRA notice timely, but accepted it, all within 1 day of his resignation. Timeliness of the notice, then, is not an issue."[21]

Further, Defendant contends that the notice also had the legally required language that the coverage would last for 18 months.[22] In addition, Defendant explains that the COBRA notice also contained an explanation that the coverage could be extended by an additional 11 months if one of the beneficiaries was found to be disabled by the Social Security Administration.[23] Therefore, Defendant contends that:

> [T]he undisputed facts show that Donald Magner was provide[d] notice timely of his right to continue coverage under COBRA, that he elected to continue the converge, and that the notice described both the original 18 month period available as well as the possibility of an 11 month extension if a Social Security disability finding was made.[24]

As the only claims alleged in the complaint relate to alleged untimeliness of notice, Defendant avers that based on these undisputed facts, all claims should be dismissed with prejudice.[25]

Finally, Defendant "anticipates" that Plaintiffs will make another claim, "beyond the claims alleged in the complaint," that Plaintiffs "provided notice of the Social Security disability finding as to trigger the 11 month extension."[26] However, Defendant claims that Plaintiff failed to provide timely notice of the Social Security disability finding.[27] As this claim does not appear in the

---

[20] *Id.* at pp. 4-5; *see also id.* at p. 6 (COBRA election form signed and dated by Donald Magner on September 1, 2010).

[21] Rec. Doc. 15-1 at p. 3.

[22] *Id.*

[23] *Id.* at p. 4 (citing Rec. Doc. 15-4 at p. 12).

[24] *Id.*

[25] *Id.*

[26] *See id.* at pp. 5-7.

[27] *Id.*

complaint, because Plaintiffs have declined to file an opposition to the pending motion to assert such an argument, the Court will not address it here.

### III. Standard on a Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[28] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence but refrains from making credibility determinations or weighing the evidence."[29] All reasonable inferences are drawn in favor of the nonmoving party, but "'conclusory allegations []will not suffice to require a trial.'"[30] If the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[31]

Because factual disputes may not be resolved on summary judgment, a nonmovant need not offer all of its evidence, but rather only enough so that a jury *might* return a verdict in its favor.[32] If the nonmovant would bear the burden of proof at trial on a claim, the movant may simply point to the absence of evidence, which then returns the burden on the motion for summary judgment to the nonmovant.[33] Then, the nonmovant must point to competent evidence that there is an issue of material fact so as to warrant trial.[34] To defeat summary judgment, the nonmovant must direct the

---

[28] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[29] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

[30] *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993) (quoting *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986)).

[31] *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147-48 (5th Cir. 1992).

[32] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264 (5th Cir. 1991).

[33] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (per curiam).

[34] *Id.*

court's attention to specific evidence in the record to establish an issue of material fact as to each claim upon which it will bear the burden of proof at trial.[35] "The opponent must meet the movant's affidavits with opposing affidavits that set out specific facts showing an issue for trial."[36]

## IV. Law and Analysis

Pursuant to 29 U.S.C. § 1166(a):

(a) In general

In accordance with regulations prescribed by the Secretary--

...

**(2)** the employer of an employee under a plan must notify the administrator of a qualifying event described in paragraph (1), (2), (4), or (6) of section 1163 of this title within 30 days (or, in the case of a group health plan which is a multiemployer plan, such longer period of time as may be provided in the terms of the plan) of the date of the qualifying event,

...

**(4)** the administrator shall notify–

(A) in the case of a qualifying event described in paragraph (1), (2), (4), or (6) of section 1163 of this title, any qualified beneficiary with respect to such event, and

(B) in the case of a qualifying event described in paragraph (3) or (5) of section 1163 of this title where the covered employee notifies the administrator under paragraph (3), any qualified beneficiary with respect to such event,

of such beneficiary's rights under this subsection.

Defendant has provided evidence that Donald Magner was sent a COBRA Notice Packet upon his resignation,[37] and that he in fact signed the "COBRA Continuation Coverage Election Form,"

---

[35] *Rizzo v. Children's World Learning Ctrs.*, 84 F.3d 758, 762 (5th Cir. 1996).

[36] *Travelers*, 7 F.3d at 1206-07.

[37] Rec. Doc. 15-5.

included in the packet, on September 1, 2010.[38]  In addition, the attached exhibits show that Plaintiffs were informed in these materials that coverage would last for 18 months, and could be extended further by a period of 11 months if one of the beneficiaries was found to by disabled by the Social Security Administration.[39]

Here, Plaintiff has failed to file an opposition to the pending motion, and therefore has brought forward no competing evidence to demonstrate that there is a genuine issue of material fact that should preclude summary judgment. The Fifth Circuit has recognized that "when a nonmovant is faced with a motion for summary judgment 'made and supported' as provided by Rule 56, the nonmovant cannot survive the motion by resting on the mere allegations of its pleadings."[40] Federal Rule of Civil Procedure 56 provides that a motion for summary judgment, and the facts asserted therein, may be supported by depositions, documents, electronically stored information, and affidavits, as Defendant has done here.[41] Further, within the Fifth Circuit, the "general rule [is] that summary judgment [is] appropriate [where] the nonmovant, although faced with a summary judgment motion, cho[oses] not to respond to the motion at all."[42] As Defendant's evidence supports the dismissal of Plaintiffs' action, and Plaintiffs have not come forward to refute any of Defendant's evidence or claim that there is a genuine dispute as to any material fact, the Court will grant the pending motion and dismiss Plaintiffs' complaint with prejudice.

---

[38] Rec. Doc. 15-4 at pp. 6-7.

[39] *See id* at pp. 11-12.

[40] *Isquith for on Behalf of Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988).

[41] Fed. R. Civ. P. 56(c).

[42] *Isquith*, 847 F.2d at 199.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment[43] is

**GRANTED** and Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __5th___ day of June, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[43] Rec. Doc. 15.